"Plaintiffs are husband and wife living in Mayaguez, Puerto Rico, who wished in 1974 to join the Army under the Joint Spouse Program. Their applications were forwarded to the appropriate Army station in San Juan, and they were told to come there to take the enlistment oath on September 16, 1974. Before they arrived, the Army in San Juan discovered that Mrs. Cuprill’s application was incomplete because she had not yet obtained the necessary waiver for minor dependent children (she had three). On plaintiffs’ arrival in San Juan, they were told this and that she could not enlist until she obtained the necessary waiver.[1] After discussion with military personnel there, it was decided that Mr. Cuprill-Cuebas would enlist at that time and proceed to Fort Leonard Wood, Missouri, his first station, and that his wife would accompany him as a civilian and apply in Missouri for waiver of the dependency disqualification. Accordingly, plaintiff husband enlisted in San Juan and the family proceeded to Fort Leonard Wood.
"At that post, Mrs. Cuprill tried to apply for her dependency waiver, but encountered various obstacles (which we shall assume were not her fault but the result of administrative delay and error) delaying for quite some time the receipt of information necessary to process the application. In addition, there were indications that the prospects for obtaining the waiver were not very good. Because of the delay and the pessimistic attitude of some *454 Army personnel in Missouri, plaintiffs ultimately felt that the Army had failed to fulfill the agreement with them and Mr. Cuprill-Cuebas requested separation from the Army. This was done because of 'non-fulfilled enlistment commitment’ and he was given an honorable discharge.
"Plaintiffs now sue here, for at least $86,500 each, for breach of their alleged enlistment contracts with the Army.[2] Defendant has moved for summary judgment.
"We do not reach the issue of whether an enlistment contract of this type is ever enforceable in this court as a contract, or, if so, whether damages of the sort requested by these plaintiffs can be recovered here. See Shelton v. United States, 215 Ct. Cl. 908 (1977); Jackson v. United States, ante at 25, 573 F. 2d 1189 (1978). For this case it is dispositive that Elsa Cuprill never had any contract with the Army, and that for breach of his asserted contract William Cuprill-Cuebas has to rely on unauthorized oral statements and representations of Army personnel.
"Mrs. Cuprill never had any contract because she never enlisted and never came to an agreement with any Army individual authorized to enlist her in the Army. The dependency disqualification was a bar which she did not overcome. Whatever preliminary conversations she may have had in Mayaguez or in San Juan could not amount to an enlistment contract because those Army personnel were not authorized to take her into the Army without a waiver of the dependency disqualification. See Jackson v. United States, supra, Part III of the opinion. In fact, she did not enlist and knew that she remained a civilian. If there is any force as a contract to a contract of enlistment, it must be an agreement which entails an actual enlistment. Until that moment all conversations and discussion must be regarded as preliminary and inchoate.
"Mr. Cuprill-Cuebas did enlist at San Juan, but the only breach he can or does assert is that he was orally promised by Army personnel in San Juan either that his wife would not need a dependency waiver or that one could be obtained quickly and easily in Missouri. Neither representation could properly be made by any of the persons with whom he spoke, and those promises were certainly not *455 included in the written enlistment contract he signed. As we recently repeated in Jackson v. United States, supra, the United States cannot be legally bound to pay monetary damages because of the unauthorized representations of its agents. See also Haight v. United States, 209 Ct. Cl. 698, cert. denied, 429 U.S. 841 (1976). This is as true of military enlistment contracts as of others.
"That Mr. Cuprill-Cuebas’ separation from the Army was based on the finding that an enlistment commitment was made in his case which could not be fulfilled does not mean that the particular commitment was a legally binding one. In deciding whether to separate soldiers from the service, the Army is not precluded from recognizing, as moral obligations, representations by Army personnel which were actually made to the soldier even though unauthorized by statute or regulation.
"it is therefore ordered and concluded, without oral argument, that defendant’s motion for summary judgment is granted and the petition is dismissed.”

 An effort had been made to reach them before they left Mayaguez but it was not successful.

 Each asks for $75,000 for "great mental pains and anguishes, discomforts, emotional problems and inconveniences”; $10,000 for loss of earnings through giving up jobs and failure to find employment in civilian life; and $1,500 for expenses incurred because of the asserted enlistment contracts.