Plaintiff brings this suit for breach of an enlistment agreement with the United States Army (Army), seeking $1 million together with miscellaneous relief and payment of her attorney fees. Defendant has moved for summary judgment to which plaintiff has not responded. We allow the motion.
Plaintiff enlisted in the Army Reserve on August 13, 1979, for a period of 6 years under the provision of regulations whereby she could specify in advance the specialty training she would receive after completion of basic training. She opted for training as a Medical Specialist, 91B10. The agreement provided in part:
I volunteer to serve on active duty for 3 years in any job assignment specified by the Army * * *
‡ ‡ ‡
I have read and understand each of the statements above and the statements contained in DD Form 1966, signed by me, and understand that they are intended to constitute all promises whatsoever concerning my enlistment in the US Army Reserve. Any other promise, representation, or commitment made to me in connection with my enlistment is written below in my own handwriting or is hereby waived (if none, write "none.”)
In the indicated space plaintiff wrote the word "None.”
On December 5, 1979 plaintiff enlisted in the Regular Army and in so doing signed another statement similar to the one above.
Upon completion of basic training and advanced individual training, plaintiff was awarded the military occupational specialty of a "Medical Specialist, MOS 91B10.” She was thereafter assigned to perform clerical duties. On October 3,
1980, having become pregnant, plaintiff voluntarily exercised her option pursuant to applicable regulations and was honorably discharged.
Plaintiff filed suit on August 18, 1980, alleging that by fraud and deceit the recruiting representatives of the *722 Army, with apparent authority, induced her to enlist under the false and negligent representation that she would be provided with 18 weeks of training as an operating room specialist but that, instead, she was given 6 weeks of training with the award of the MOS aforesaid.
Defendant’s motion for summary judgment challenges this court’s jurisdiction to entertain the claim. In effect, defendant argues that an enlistment agreement is not a contract but rather a written consent to military service that renders the statutory scheme operative and that, therefore, it cannot be subject to application of general principles of contract law, citing In re Grimley, 137 U.S. 147 (1890), and other cases involving issues not before us now. The decisions cited by defendant involve such things as claims for military pay, or defenses to court martial proceedings, or to reenlistment bonuses. The plaintiff here is not claiming any right to payment for military services rendered which would be governed by statute or regulation, but for "actual, compensatory, special and punitive damage,” for breach of contract because "due to said actions and inactions, the Plaintiff has been shocked, mortified, humiliated and has been subjected to great inconvenience, delay” and "now suffers both physically and mentally and Plaintiff will continue to suffer in the future.”
The issues we must decide in the present case are not new to us. Somewhat similar facts and issues arose in Jackson v. United States, 216 Ct. Cl. 25, 573 F.2d 1189 (1978). In that case, plaintiff sought to recover damages for alleged breach of an enlistment contract, asserting that the recruiting officer promised that he would be allowed to attend an automotive mechanical maintenance school and would not be assigned to combat duty. He was assigned to a tank division for on-the-job training in the requested mechanical maintenance, and during combat training maneuvers was seriously injured. His enlistment agreement provided that upon completion of basic combat training he would receive advanced training in the selected military occupational specialty. He had stated in the enlistment documents that no promises had been made to him other than those contained in the said documents, which did not mention the *723 alleged promises of no-combat type duty by the recruiting officer.
In holding for the defendant in the Jackson case, the court ruled that plaintiff was bound by the enlistment documents and all statutes and Army regulations in force at the time; that the recruiter was not shown by plaintiff to have been authorized to make the alleged promise, if in fact he did so; that such a promise would have been contrary to regulations and the enlistment agreement and formed no part of it; that there was no requirement that plaintiff receive the training immediately but that it could have been provided during his enlistment period; and that the claim sounded in tort over which this court has no jurisdiction. The court applied the principles of contract interpretation to the enlistment agreement.
In Palcic v. United States, 218 Ct.Cl. 749 (1978), plaintiff claimed that he was fraudulently induced to enlist upon oral promises of recruiters that he would be assigned to the Army Criminal Investigation Command (CIC). Plaintiff claimed a breach of the enlistment contract when he was not so assigned but he, too, had executed the standard enlistment contract acknowledging that all promises made to him were contained therein. The enlistment contract did not mention the CIC program. The claim was dismissed upon authority of the decision in Jackson, supra. In a subsequent order in the Palcic case, issued January 5, 1979, the court further ruled that suits against the Government arising out of either willful or negligent misrepresentation are tort claims but that no court has jurisdiction of them because they are specifically exempted from coverage under the Federal Tort Claims Act. 28 U.S.C. § 2680(h) (1976).
The foregoing cases are in harmony with the decisions of other federal courts and that sound body of modern case law that recognizes both a change of status and contractual rights are involved in the transition from civilian to soldier. Pence v. Brown, 627 F.2d 872, 874 (8th Cir. 1980); Lundgrin v. Claytor, 619 F.2d 61, 62 (10th Cir. 1980); McCracken v. United States, 502 F.Supp. 561, 573 (D. Conn. 1980); Santos v. Franklin, 493 F.Supp. 847, 851 (E.D. Pa. 1980); Novak v. Rumsfeld, 423 F.Supp. 971, 972 (N.D. Cal. 1976); Pfile v. Corcoran, 287 F.Supp. 554, 556-57 (D. Colo. 1968). The *724 relationship between the soldier and state has changed over the past 90 years since In re Grimley, supra, ruled that under conditions then existing, enlistment only effects a change of status, thereby making contract principles unnecessary. With the advent of the all-volunteer Army in 1973 came a new recruitment philosophy. Inducements such as delayed entry programs, optional special training, and special assignment duty have become the Army’s standard "pitch” to attract recruits. These inducements, presented with vigor to meet enlistment goals, are often couched in terms of "promise” and "guarantee.” For instance, the enlistment agreement in the instant case contained the following provisions:
If enlisting for an Army school course, I am assured of attending school course MOS 91B10 MEDICAL SPECIALIST. [Emphasis added.] [1.(g)(2).]
* * * * *
I am guaranteed assignment to the unit or activity for which enlisted for a minimum of 12 months. * * *. [Emphasis added.] [Sec. Ill, l.b.]
* * * * *
In the event my enlistment commitment cannot be fulfilled * * * I understand that I will have a period of thirty (30) days to elect an alternative or to request other training or assignment * * *. [Emphasis added.] [Sec. Ill, l.i.]
Such language as used here bolsters the bargained-for aspect that permeates the enlistment process. For any nonperformance by the defendant, it is necessary that some remedy be afforded when special program guarantees are breached and contract concepts have been applied in framing an appropriate solution to these claims. Where plaintiff states an arguable cause of action within the provisions of the Tucker Act, we must decide it on the merits and not dismiss it for want of jurisdiction. Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971); Ralston Steel Corp. v. United States, 169 Ct. Cl. 119, 125, 340 F.2d 663, 667, cert. denied, 381 U.S. 950 (1965). This is not to say that plaintiff can succeed, however, for here there is no indication that defendant breached its obligation under the enlistment *725 agreement because there is no support for plaintiffs claim to 18 weeks of training as an "operating room specialist.”
Our decisions in Jackson v. United States, supra, and Palcic v. United States, supra, and in Cuprill-Cuebas v. United States, 216 Ct. Cl. 453 (1978), are dispositive here. Plaintiff has the burden of proving actual authority on the part of the Army recruiter and counselor to make the representations claimed to have been made. Plaintiff has filed neither affidavits nor depositions in support of her bare allegation in the petition that actual authority existed and could alter the contrary written terms of the enlistment agreement. We can only find under the circumstances, the motion for summary judgment being unopposed, that no such representations were in fact made, but that even if made they were not binding on the Government. The agreement is clear and unambiguous and was not breached. Plaintiff acknowledged in writing that the agreement contained all the terms of her contract with the Army. It is clear that she received the benefit of her bargain, including the benefit of honorable discharge for her pregnancy. Had plaintiff been able to continue for the agreed 3 years of enlisted active service, there is no reason to believe that she would not have received still further medical training if she qualified for it, although she enlisted for active duty "in any job assignment specified by the Army.”
As to plaintiffs claims for damages because of her personal shock, humiliation, and mental and physical suffering, on account of defendant’s alleged "gross misrepresentation, enticement, inducement, fraud deceit, [and] duplicity,” the short answer is simply that these are allegations of tort which state no claim on which relief can be granted. Palcic v. United States, supra; Jackson v. United States, supra; Curry v. United States, 221 Ct. Cl. 741, 609 F.2d 980 (1979). Nor is plaintiff entitled to attorney fees, there being no statutory authority to award them. 28 U.S.C. § 2412 (1976). Nibali v. United States, 225 Ct. Cl. 8, 634 F.2d 494 (1980).
it is therefore ordered, upon consideration of the defendant’s motion for summary judgment and applicable authorities, without oral argument, that the enlistment *726 agreement was not breached. The motion is granted and the petition is dismissed.
Plaintiffs motion to alter or amend judgment was denied October 2,1981.