The plaintiffs, former servicemen, seek damages based upon the government’s alleged failure to give them the technical training they assert was promised them when they reenlisted in the Army. The government has moved for summary judgment on the alternative grounds that we have no jurisdiction over the claim and that the plaintiffs have not stated a claim upon which relief may be granted. We hold that we have jurisdiction but that the plaintiffs have not stated a valid claim for relief. We therefore grant the motion for summary judgment.
I.
While serving in the Army, both plaintiffs signed reenlistment agreements. Those agreements provided that the plaintiffs would be trained in military occupational specialty (mos) 91C10, clinical specialist. The agreements stated that the only promises made to the enlistees were those *952 expressly provided in the agreements. DeCrane’s agreement stated that "any other promises not contained [in the agreement] made by any person are not effective and will not be honored.” Radish’s agreement stated that "[a]ny other promise, representation, or commitment made [by the government] to me in connection with my enlistment is written below in my own handwriting, or is hereby waived (if none, write 'None’).” That statement is followed by the handwritten word "None,” and initials, "s.n.r.”
DeCrane and Radish were assigned for training in mos 91C10. That course lasts 112 days and is designed to train "clinical specialists” to perform nursing duties at the lowest skill level. There are other courses (e.g., 91C20) that are longer and designed to provide the trainee with a higher level of skill.
After learning they were receiving abbreviated training at the lowest skill level, the plaintiffs complained that they had been misled. They asserted (and continue to do so here) that the recruiter told them, and that they understood, that the training they would receive was more extensive and would qualify them as state-licensed practical nurses. The plaintiffs requested, and subsequently received, discharges from the Army because of the misunderstanding.
II.
A. In at least three prior cases we have rejected the government’s argument that we have no jurisdiction over a suit claiming that the government breached an enlistment contract because it failed to provide the training it allegedly promised the serviceman he would receive. Grulke v. United States, 228 Ct.Cl. 720 (1981); Jackson v. United States, 216 Ct. Cl. 25, 573 F.2d 1189 (1978); Palcic v. United States, 218 Ct. Cl. 749 (1978). We discussed the issue fully in Grulke.
The government does not even recognize the unequivocal jurisdictional rulings in those cases but instead merely cites them for the proposition that we have viewed such cases as "sounding in tort” and as applying settled principles that the United States is not bound by the representations of agents "acting beyond their scope of authority.” In urging *953 that we have no jurisdiction, the government merely repeats the arguments that it previously made and that we previously rejected in those three cases. It is high time that the government ended this fulsome endeavor and recognized that we have jurisdiction over these cases.
B. On the merits the plaintiffs have not stated any claim on which they can recover. The enlistment agreements entitled the plaintiffs only to mos 91C10 training. That is precisely what they received. In signing the agreements, the plaintiffs acknowledged that no other promises had been made to them. Furthermore, they have not attempted, in response to the government’s motion, to show that the recruiters had authority to represent that the plaintiffs would receive training that would qualify them as licensed practical nurses. Grulke, supra, 228 Ct.Cl. at 725. Unless those officials had that authority, their statements would not bind the government. Id.
The plaintiffs claim that they were misled not only by the recruiters but by the official army description of mos 91C10, which they read before signing the agreements. According to the plaintiffs and affidavits submitted by them, that description includes duties that in the civilian sector may be performed only by licensed nurses. Furthermore, they note that the description indicates that "related” civilian occupations include licensed practical nurse.
The plaintiffs, however, were being trained to serve in the military and not in the civilian sector. The plaintiffs do not allege that, after completion of 91C10 training they would have been unqualified to perform for the Army any of the described duties. Furthermore, the fact that an occupation is "related” to another does not mean it is the same as that other. The description does not indicate the length of training, or the need for, or ability to get, a state license. It only purports to indicate the duties that the trainee will perform for the military.
Since the plaintiffs received everything they were validly promised under the enlistment agreements, they have not stated a valid claim for breach of contract.
The defendant’s motion for summary judgment is granted, and the petition is dismissed.
*954 Plaintiffs’ petition for a writ of certiorari was denied January 17,1983.