**SSG Timothy WARD, Plaintiff–Appellant,**

**v.**

**UNITED STATES, Defendant–Appellee.**

No. 02–5177.

United States Court of Appeals, Federal Circuit.

July 21, 2003.

Before NEWMAN, LINN, and PROST, Circuit Judges.

PER CURIAM.

Timothy Ward ("Ward") appeals the decision of the United States Court of Federal Claims, No. 02-177C, dismissing Ward's complaint for lack of subject matter jurisdiction. For the reasons discussed herein, we *affirm*.

## BACKGROUND

Ward filed a complaint against the United States seeking reimbursement for alleged loss and damage to his household goods and automobile during his pre-trial confinement and ongoing subsequent imprisonment. The United States moved to dismiss Ward's complaint for lack of jurisdiction, arguing that Ward failed to identify any money-mandating claim for relief. The Court of Federal Claims agreed. In particular, the court focused on Ward's claim that the Army violated regulation 195-5, which establishes the

> standards for receiving, processing, safeguarding, and disposing of physical evidence acquired by ... U.S. Army Criminal Investigation Command.... [T]his regulation is for the internal management, control, and disposition of evidence of criminal misconduct, it does not create or confer rights upon criminal defendants in judicial, nonjudicial or administrative proceedings.

The court rejected this regulation as a basis for jurisdiction because it specifically excludes money damages for any violation of its terms. Ward also alleged jurisdic-tion under the Federal Tort Claims Act, which the court rejected because it "shall have jurisdiction ... in cases not sounding in tort," 28 U.S.C. § 1491(a)(1) (2000), and under Title VII of the Civil Rights Act, which the court likewise rejected because it has no jurisdiction over cases arising under the Civil Rights Act, *Canonica v. United States*, 41 Fed. Cl. 516, 522–23 (1998). Ward's final basis for jurisdiction was the Fourteenth Amendment, which the court found insufficient (along with due process under the Fifth Amendment) because these amendments do not mandate payment of money by the government.

Ward now appeals. We understand Ward to argue in his Informal Brief that jurisdiction is proper under 5 U.S.C. § 706, 28 U.S.C. § 1491[1] or the Fourteenth Amendment, and that the court failed to accept the facts alleged in his complaint as true. Ward also makes various arguments about the merits of his case, such as that the government should not be permitted to violate its own regulations.[2] In addition, a Memorandum in Support of Notice of Appeal argues that jurisdiction is proper based on an unlawful Fifth Amendment taking of Ward's property. The government responds that Ward failed to follow the procedures in the Personnel Claims Act that would have allowed him to properly submit a claim against the Army. In addition, the fact that the Army may have violated its own regulation does not, according to the government, necessarily create a cause of action for money damages. The government con-

1. Ward's Informal Brief actually recites 28 U.S.C. § 1491. No such statute exists and we presume that Ward intended to rely on 28 U.S.C. § 1491.

2. These arguments are not appropriate for us to consider at this stage of the proceedings, for our task is limited to determining whether the Court of Federal Claims properly dismissed Ward's complaint for lack of jurisdiction. Thus, we do not consider whether the Army violated one of its regulations, as alleged by Ward, or whether Ward failed to comply with the Personnel Claims Act, 31 U.S.C. § 3721, as alleged by the government.

cludes by arguing that none of 5 U.S.C. § 706, 28 U.S.C. § 1491, Fourteenth Amendment due process, or Fifth Amendment due process can confer jurisdiction on the Court of Federal Claims.

## DISCUSSION

We have jurisdiction to consider Ward's appeal under 28 U.S.C. § 1295(a)(3). We review de novo the decision of the Court of Federal Claims dismissing Ward's complaint for lack of subject matter jurisdiction. *See Inter–Coastal Xpress, Inc. v. United States,* 296 F.3d 1357, 1365 (Fed. Cir.2002).

The Court of Federal Claims is a court of limited jurisdiction that depends upon the extent to which the United States has waived its sovereign immunity. According to 28 U.S.C. § 1491(a)(1):

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

This statute does not, however, confer a substantive right to recover money damages from the United States. Thus, in addition to § 1491(a), Ward must plead "a substantive right in the Constitution, an act of Congress, or an executive department regulation on which to base his claim that 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Dehne v. United States,* 970 F.2d 890, 893 (Fed. Cir.1992) (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). We thus review Ward's complaint to determine whether he has pled any money-mandating basis for conferring jurisdiction on the Court of Federal Claims.

■ Ward's complaint invokes jurisdiction under 37 U.S.C. § 204(a). Title 37 of the United States Code is entitled Pay and Allowances of the Uniformed Services. Section 204(a) discusses entitlement to basic pay. We see nothing in this statute that relates to a claim for monetary damages based on the government's alleged mishandling of personal property. Thus, § 204(a) does not give the Court of Federal Claims jurisdiction over Ward's claim.

■ Next, Ward's complaint refers to Army regulation 195–5. This regulation specifically states that it "does not create or confer rights upon criminal defendants in judicial, nonjudicial or administrative proceedings." While Ward may or may not have a legitimate complaint about how his property was handled, this regulation does not create a cause of action for damages. It appears instead that the Personnel Claims Act, 31 U.S.C. § 3721, could perhaps provide a cause of action for any violation of regulation 195–5; however, Ward is not proceeding under this Act. Thus, Ward's pleading of regulation 195–5 alone is not sufficient to confer jurisdiction on the Court of Federal Claims.

■ On appeal, Ward asserts three additional bases for jurisdiction besides those specified in his complaint. First, Ward's Informal Brief recites 5 U.S.C. § 706. This statute states the scope of judicial review of agency decisions. It does not create a cause of action for damages for alleged mishandling of personal property and therefore does not confer jurisdiction on the Court of Federal Claims. Ward's Informal Brief also relies on the Fourteenth Amendment. However, the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth

Amendment are not sufficient to confer jurisdiction because they do not mandate payment of money by the government. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995). Finally, Ward's Memorandum in Support of Notice of Appeal argues that jurisdiction is proper based on an unlawful Fifth Amendment taking by the government of Ward's property. Ward's complaint, however, does not specifically plead or fairly raise a takings claim. Thus, this basis is also insufficient to confer jurisdiction.

## CONCLUSION

Absent any pleading of a statute, regulation, constitutional provision or other basis mandating payment by the government for Ward's alleged claim for damage to his property, Ward's complaint is insufficient to invoke the jurisdiction of the Court of Federal Claims. The dismissal of Ward's complaint for lack of subject matter jurisdiction is therefore affirmed.