Glen MILLER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 03–1246C.

United States Court of Federal Claims.

Nov. 21, 2003.

Glen Miller, pro se, plaintiff.

Margaret E. McGhee, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director, all of Washington D.C.,

for defendant. Major Vanessa Crockford, and Louis A. Birdsong, of counsel.

## *OPINION*

BRUGGINK, Judge.

This is an action for breach of contract. Plaintiff claims that the United States breached its promise to pay interest in accordance with a Student Loan Repayment Program which was attached to plaintiff's enlistment contract. Pending is plaintiff's motion for summary judgment and defendant's motion to dismiss pursuant to RCFC 12(b)(6). Oral argument is deemed unnecessary. For reasons set out below, defendant's motion is granted.

## BACKGROUND

On August 5, 1997, plaintiff Glen Miller signed an enlistment agreement with the United States upon entering into the United States Army Reserve. That agreement included a Student Loan Repayment Program ("SLRP") Addendum, offered as an incentive for enlisting. Section V of the SLRP Addendum, "Entitlement," states in relevant part:

I understand that loan repayment under the SLRP will apply to me as follows:

. . . .

3. Repayment of the qualifying student loan(s) will be made after each year of satisfactory service in the Selected Reserve after securing the loan(s) and reaching the anniversary date of the agreement. For each year of satisfactory service in the Selected Reserve, the loan amount to be repaid will be as follows: . . . .

a. A maximum of $10,000 during my military career . . . . The amount to be repaid each year will not exceed 15% of the original balance (a maximum of $1,500) or $500, whichever is greater, plus the accrued interest.

. . . .

The first two SLRP payments made by defendant did not calculate the accrued interest as part of the "original balance." The Army apparently read the terms of the SLRP Addendum as permitting it to pay up to 15% of the original loan balance, up to $1,500, or

$500, whichever was greater, plus interest, calculated as a separate amount.

In 2001, the Department of Defense ("DoD") Office of General Counsel determined that the Army had made an error in administration of the SLRP. The Office of General Counsel decided that the statute which authorized the SLRP program, 10 U.S.C. § 16301 (2002), provides that the total yearly payment could not exceed $500 or 15% of the total balance, *including* interest. That statute specifically provides as follows:

(2) The Secretary may repay loans . . . for service performed as an enlisted member of the Selected Reserve of the Ready Reserve of an armed force in a reserve component and military specialty specified by the Secretary of Defense. The Secretary may repay such a loan only if the person to whom the loan was made performed such service after the loan was made.

(b) The portion or amount of a loan that may be repaid under subsection (a) is 15 percent or $ 500, whichever is greater, for each year of service.

(c) If a portion of a loan is repaid under this section for any year, interest on the remainder of the loan shall accrue and be paid in the same manner as is otherwise required.

(d) Nothing in this section shall be construed to authorize refunding any repayment of a loan.

10 U.S.C. § 16301.

On October 1, 2001, the Chief of the Personnel Division of the United States Army distributed a memo explaining the error and informing participants in the SLRP program that payments could not exceed the statutory limitation. "[U]nder section 16301, the total amount that DoD may pay (in principal and interest) may not exceed 15 percent or $500, whichever is greater for each year of service. The amount paid in interest may not be paid in addition to these statutory maximums."

On May 15, 2003, Miller filed this action claiming that defendant breached its contract with him concerning the SLRP program. As a result of that breach, plaintiff claims that he has sustained damages in the amount of approximately $450.00 in accrued interest on the loan, and $1,000 that will accrue in the

future. Defendant contends that the enlistment agreement is not a binding contract and that its terms are, in any event, subject to the implementing statute. Defendant asserts that § 16301 does not authorize the Army to pay the interest claimed by plaintiff, and, even if ambiguity in the statute exists, we should defer to the DoD's interpretation of the statute.[1]

## DISCUSSION

The Supreme Court has made it clear that military pay and benefits are controlled by statute, not contract. *See Bell v. United States*, 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961)("[C]ommon-law rules governing private contracts have no place in the area of military pay."); *see also Schism v. United States*, 316 F.3d 1259, 1271 (Fed.Cir.2002) ("[T]he recruits' entitlement to basic pay is simply not governed by ... contract, but by statute."). Furthermore, the only cases cited in *Schism* in which an enforceable contract between the government and a recruit was found did not involve military pay. *Schism*, 316 F.3d at 1275 (citing *Grulke v. United States*, 228 Ct.Cl. 720, 1981 WL 21465 (1981); *DeCrane v. United States*, 231 Ct.Cl. 951, 1982 WL 1443 (1982)). Those cases only involved promises for specific training or duty assignment. *Id.* Therefore, even if we were to find that the recruitment contract here expressly provided that defendant would pay the interest on plaintiff's student loan in addition to 15% of the original balance, our decision would be controlled by the language found in § 16301.

The language of § 16301 is clear. The Secretary of Defense may repay student loans like plaintiff's but annual payment is capped at 15% or $500 dollars. There is no provision for including interest in the calculation of the maximum payment. Subsection (c) of § 16301 simply deals with the accrual of interest. Interest on such loans will continue to accrue and will not be affected by the loan repayment program.

Even if we were to read some ambiguity into § 16301, under *Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), we are required to show deference to the DoD's interpretation. So long as the agency interpretation is not "arbitrary, capricious, or manifestly contrary to the statute," the agency's interpretation is afforded deference. *Id.* at 842–43, 104 S.Ct. 2778. Here, the DoD's interpretation that interest may not be paid in excess of the limitations found in § 16301(b) is reasonable.

Because the SLRP program here is governed by statute and is not a matter of contract right, and, in the absence of any other statutory authority allowing payment beyond the limitations found in 10 U.S.C. § 16301, we agree with defendant that plaintiff is unable to state a claim upon which relief may be granted. Plaintiff's claim should therefore be dismissed.

## CONCLUSION

Plaintiff's motion for summary judgment is denied. Defendant's motion to dismiss is granted. The clerk is directed to enter judgment dismissing the complaint with prejudice. The parties are to bear their own costs.

---

1. Alternatively, defendant argues that even if plaintiff's enlistment agreement governed, the service representative who signed the agreement lacks the actual authority to bind the United States.