NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-5098

FAYE ZHENGXING,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  November 8, 2006

_____

Before BRYSON, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Plaintiff-Appellant Dr. Faye Zhengxing seeks reversal of a decision by the United States Court of Federal Claims (CFC) dismissing her breach of contract claim for lack of subject matter jurisdiction.  Because Dr. Zhengxing has not demonstrated that she had a contract with the Government, we <u>affirm</u> the decision of the CFC.

BACKGROUND

Dr. Zhengxing worked as a purchase order vendor, editing and translating documents for the Voice of America (VOA), part of the International Broadcasting

Bureau of the U.S. Broadcasting Board of Governors. Dr. Zhengxing performed these services on a per-order basis, pursuant to a blanket purchase agreement (BPA), at a rate of $65.00 per order. Although Dr. Zhengxing believed she would eventually receive an assignment as a television host, she never received such an assignment. On August 16, 2001, VOA terminated Dr. Zhengxing for "false or malicious statements and disrespectful conduct toward co-workers and the Chinese Branch Chief."

Dr. Zhengxing filed a claim to a VOA contracting officer, asserting that the BPA had been improperly terminated. The contracting officer denied the claim, explaining, among other things, that the BPA was not a contract and that the Government was not obligated under the BPA beyond the extent of purchases made under the agreement. She then brought her claim before the CFC, alleging improper termination of the BPA and breach of an oral agreement to provide her with a television host position. She also sought recovery of $100 million in damages arising from an alleged Government conspiracy to kill her. The CFC dismissed Dr. Zhengxing's claims for lack of a contract sufficient to confer jurisdiction under the Contract Disputes Act (CDA), 41 U.S.C. § 609, and for lack of subject matter jurisdiction over her other claims. We have jurisdiction to review the dismissal pursuant to 28 U.S.C. § 1295(a)(3).[1]

## DISCUSSION

The jurisdiction of the CFC is a question of law to be reviewed de novo. Cyprus Amax Coal Co. v. United States, 205 F.3d 1369, 1373 (Fed. Cir. 2000). Findings of fact

---

[1] We note that Dr. Zhengxing, proceeding pro se, indicated a preference to argue this case in person. She adds, however, that the "jurisdiction issue is so simple and clear-cut that it might be sufficient for Court just to read Appellant's written brief." The "jurisdiction issue" is a threshold issue in this case. Accordingly, we decide this question on the briefs.

made by the CFC to ascertain its jurisdiction are reviewed for clear error. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1353 (Fed. Cir. 2006). The Tucker Act confers jurisdiction upon the CFC and waives sovereign immunity for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000).

Dr. Zhengxing alleges that the Government breached a written contract, the BPA, by terminating the agreement. The BPA at issue, however, is merely a framework for future contracts and only creates a contractual obligation with regard to accepted orders. Specifically, the BPA states that "[t]he Agency shall be obligated only to the extent of authorized call orders actually placed under this agreement." Once an order is placed under the agreement, a contract is created with respect to that order, but the BPA in this case is not a contract because it lacks mutuality of consideration. Modern Sys. Tech. Corp. v. United States, 979 F.2d 200, 202-04 (Fed. Cir. 1992). Accordingly, the CFC properly determined that termination of the BPA did not confer jurisdiction under the CDA.

Dr. Zhengxing further alleges that the Government breached an oral contract by not offering her a full-time television host position. Absent specific legislation, however, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationships with the Government. E.g., Hamlet v. United States, 63 F.3d 1097, 1101-02 (Fed. Cir. 1995); Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985). Dr. Zhengxing has pointed

to no specific legislation authorizing an appointment to such a position in this case. Accordingly, Dr. Zhengxing's breach of oral contract claim fails as a matter of law because it is insufficient to entitle her to any relief, and the CFC properly dismissed this claim.

The CFC also properly dismissed Dr. Zhengxing's other claims. These claims alleged various tortious activities, criminal conduct, and Title VII discrimination, none of which are within the CFC's jurisdiction. 28 U.S.C. § 1491(a)(1) (CFC lacks jurisdiction in cases "sounding in tort"); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [CFC] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); Canonica v. United States, 41 Fed. Cl. 516, 523 (1998) ("[CFC] does not have jurisdiction over Title VII claims.").

CONCLUSION

Because the Court of Federal Claims properly determined that there was no written or oral contract sufficient to confer jurisdiction in this case, we affirm.

No costs.