Hat, Judge,
delivered the opinion of the court:
This is a suit brought by Maj. Wilbur Rogers to recover the difference between the pay and allowances of an officer on the active list from January 26, 1921, and the amount which he has actually received as an officer on the retired list under the provisions of section 24b of the Army reorganization act approved June 4, 1920.
The plaintiff asserts that the provisions of the act aforesaid were violated in his case; that the protection of officers of the Army which the act provided for was not extended to him, and that the order of the Secretary of War which was directed by the President directing his retirement is null and void; and that in consequence, of the nullity of said order he has never been retired from the Army, but is still an officer of the Army and entitled to the pay and allowances of an officer of his rank on the active list of the Army.
The provisions of the section of the act in question are as follows:
“ Sec. 24b. Classification of officers. — Immediately upon the passage of this act, and.in September of 1921 and every year thereafter, the President shall convene a board of not less than five general officers, which shall arrange all officers in two classes, namely: Class A, consisting of officers who should be retained in the service, and class B, of officers who should not be retained in the service. Until otherwise finally classified, all officers shall be regarded as belonging to class A, and shall be promoted according to the provisions of this act to fill any vacancies which may occur prior to such final *472 classification. No officer shall be finally classified in class B until he shall have been given an opportunity to appear before a court of inquiry. ' In such court of inquiry he shall be furnished with a full copy of the official records upon which the proposed classification is based, and shall be given an opportunity to present testimony in his own behalf. The record of such court of inquiry shall be forwarded to the final classification board for reconsideration of the case, and after such consideration the finding of said classification board shall be final and not subject to further revision except upon the order of the President. Whenever an officer is placed in class B, a board of not less than three, officers shall be convened to determine whether such classification is due to his neglect, misconduct, or avoidable habits. If the finding is affirmative, he shall be discharged from the Army; if negative, he shall be placed on the unlimited retired list with pay at the rate of 2% per centum of his active pay multiplied by the number of complete years of commissioned service, or service which under the provisions of this act is counted as equivalent, unless his total commissioned service or equivalent service shall be less than ten years, in which case he shall be honorably discharged with one year’s pay.”
It appears that on July 2, 1920,- the plaintiff was a major of Field Artillery in the Regular Army of the United States, and on that day a board of general officers was convened under the provisions of section 24b of the act above set forth. This board examined into tire record of the plaintiff and classified him in class B and sent him a notice of such classification, together with copies of the official records upon which the classification was based. The plaintiff upon receiving the notice that he had been classified in class B applied for an opportunity to appear before a court of inquiry. A duly appointed court of inquiry convened at Chicago, Ill., on November 30, 1920. Before this court the plaintiff ajjpeared together with his counsel and was given an opportunity to present testimon3r in his own behalf. This he did by producing witnesses to the court and by filing with the court numerous orders, documents, and affidavits. The court after considering the evidence produced made the following decision: “ The court is of the opinion that Maj. Wilbur Rogers should not be continued in class B,” thus deciding in favor of the plaintiff and in effect *473 recommending to the final classification board that the plaintiff should not be retired from the Army.
It is true that the court in rendering its decision expressed the opinion that the plaintiff was lacking in tact, and had been so since his entrance into the Army.
The record of the aforesaid court of inquiry was forwarded to the final classification board for reconsideration of the case, and 'in January, 1921, the final classification board met, and after reconsidering the case classified the plaintiff in class B. On January 26, 1921, the Secretary of War issued an order retiring the plaintiff under the provisions of section 24b of the act of Congress approved June 4, 1920. This order is set out in full in the findings of fact.
The plaintiff complains that he was not given the opportunity by the court of inquiry “ to present testimony in his own behalf,” and that he was not furnished with his entire record in the Army before or while his case was being tried, and that his case was prejudiced before the final classification board by the alleged failure of the court of inquiry to examine several witnesses which the plaintiff had summoned and who were in the building where the court was being held.
It appears, however, that the court heard all the witnesses which the plaintiff produced, and that the witnesses which were not heard proposed to testify with respect to charges against the plaintiff which the court had disregarded and was not taken into consideration in the disposal of the plaintiff’s case, and also that the evidence proposed to be introduced was cumulative. The court in considering the plaintiff’s case, and in conducting its proceedings, had the right to exercise some discretion as to the introduction of the evidence and as to what evidence it would receive. The court was not bound to be governed by the plaintiff’s ideas of what was and what was not material evidence. And if the court regarded the essentials required by the statute, and gave the plaintiff the opportunity called for by the act, mere irregularities in practice on the trial, or any mistaken ruling of the court in respect to evidence, can not be held to vitiate its proceedings, and would not justify this court, even if it had jurisdiction of the subject matter, in setting aside and nullifying its proceedings.
*474 The plaintiff was furnished with copies of the official records upon which his classification in class B was based, both before the convening of the court of inquiry and “ in the court of inquiry.” Thus the provisions of the statute were more than liter ally complied with. The plaintiff Ayas allowed to read before the court any portion of his record he desired, and his whole record while in the Army was before the final classification board and was presumably considered .by it. We fail to see wherein the plaintiff’s rights have been prejudiced by the proceedings before the court of inquiry. The court was regularly convened, it proceeded legally, it had jurisdiction of the person and of the subject matter, it made a decision favorable to the plaintiff, and it complied essentially with the provisions of the statute.
The Supreme Court of the United States in the case of French v. Weeks, 259 U. S. 326, has passed upon the section of the act now under consideration. The facts in that case were not the same as those in the case at bar, but the court laid down principles which apply equally as well to the case at' bar. On pages 327 and 328 the court says:
“ The Army reorganization act is intended to provide for a reduction of the Army of the United States to a peace basis while maintaining a standard of high efficiency. To contribute to this purpose, Congress made elaborate provision in the act for retaining in the sendee officers who had proved their capacity and fitness for command and for retiring or discharging those who, for an}^ reason, were found to be unfit. Every step of this process is committed to military tribunals, made up of officers who by experience and training should be the best qualified men in the country for such a duty, but with their action all subject, as we shall see, to the supervisory control of the President of the United States.
“ Not being in any sense a penal statute, the act should be liberally construed to promote its purpose, and it is of first importance that that purpose shall not be frustrated by unnecessarily placing technical limitations upon the agencies which are to carry it into effect. Street v. United States. 133 U. S. 299.”
The plaintiff asks this court to find that the record of the court of inquiry is erroneous and inaccurate in certain details, but this court can not set aside the record of the court *475 of inquiry upon statements made by witnesses, who after all are only giving their opinion as to what ought or what ought not to be in the record. The record speaks for itself. It is too voluminous a record to be printed here, but an examination of it discloses, in our opinion, that the plaintiff was given every opportunity to present his case.
We do not believe that this court has the power to correct the record of the court of inquiry even if the evidence shows that there was some error in it. Nor do we see how the plaintiff would be benefited by such a decision.
The plaintiff in our opinion was legally retired from the Army, and can not be reinstated except by an act of Congress ; he is therefore not entitled to the pay and allowances for which he sues.
The plaintiff was retired from the Army in January, 1921, and did not bring his suit until February, 1922, more than a year after his alleged right of action accrued. The fact that the plaintiff made prompt efforts to have himself restored to the active list of the Army, and that he instituted mandamus proceedings directed against the Secretary of War does not excuse his laches in prosecuting his claim in this court. Nicholas v. United States, 257 U. S. 71; Norris v. United States, 257 U. S. 77; Arant v. Lane, 249 U. S. 367. See also In re Sawyer et al., 124 U. S. 200.
The petition of the plaintiff must be dismissed. It is so ordered.
GeahaSi, Judge; Dowxey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.