**Major Carl J. SAMMT, R.A.,**
**Appellant/Cross-Appellee,**

v.

**The UNITED STATES,**
**Appellee/Cross-Appellant.**

**Appeal Nos. 85–2061, 85–2130.**

United States Court of Appeals,
Federal Circuit.

Dec. 17, 1985.

Keith A. Rosenberg, LaRoe, Winn & Moerman, Washington, D.C., for appellant. With him on brief was Lauren V. Kessler.

John S. Groat, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for appellee. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and R. Anthony McCann, Lieutenant Colonel, Joyce E. Peters and Major Wayne H. Price, Office of the Judge Advocate Gen., Dept. of the Army, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, MILLER, Senior Circuit Judge and NIES, Circuit Judge.

NIES, Circuit Judge.

The United States Claims Court, 7 Cl.Ct. 274 (1985), held that it had subject matter jurisdiction over the claim of Major Carl J. Sammt, R.A., for back pay and correction of records, but further held that the claims were without merit. Judgment was entered for the government. Both parties appeal. We hold that because Major Sammt retired voluntarily, the Claims Court was without subject matter jurisdiction. The case is, therefore, remanded for the court to dismiss Major Sammt's complaint with prejudice.

### Background

In 1975 and 1976, Major Sammt was considered for promotion to lieutenant colonel by a Regular Army promotion selection board but was not selected. Because he had been twice passed over, the Department of the Army advised Major Sammt

(on June 10, 1977) that in accordance with regulations (AR635–100, ¶ 4–27a(1)) he would be placed on the retired list effective December 1, 1977, unless he requested voluntary retirement.

On July 11, 1977, Major Sammt requested that he "be relieved from active duty and assignment on 31 October 1977, and placed on the retired list on 1 November 1977, or as soon thereafter as practicable." This request was granted and plaintiff was retired on October 31, 1977.

On June 16, 1983, Major Sammt brought suit in the United States Claims Court. He contended that his non-selection to lieutenant colonel was based, in part, on erroneous information in his military records, and he requested a judgment awarding him active duty pay and allowance as a major from October 31, 1977 to date, as well as an order directing the Secretary of the Army to correct his records. The government claimed that Major Sammt retired voluntarily and that the voluntariness of the retirement negates the jurisdiction of the Claims Court.

The Claims Court found that Major Sammt requested voluntary retirement but concluded that, because his retirement was mandated by statute, it must be deemed involuntary, which gave the court jurisdiction. The court reasoned:

> The applicable statute, 10 U.S.C. § 3303(d) (1976), mandated that an officer who is twice not selected for promotion to the next highest grade must retire if eligible for retirement or be honorably discharged. 10 U.S.C. § 3913 (1976) declared that an officer with 20 years of service shall be retired if not promoted under section 3303(c). Plaintiff had over 23 years of experience. Therefore, section 3303(d)(1) *mandated* that plaintiff be retired.
>
> The fact that an Army Regulation, Paragraph 4–10, AR 635–100 gave plaintiff the option to request voluntary retirement did not and could not alter the fact that plaintiff's retirement pursuant to sections 3303(d) and 3913 was mandatory. To the extent that the Army Regu-

lation may have been inconsistent with sections 3303(d) and 3913, it would have to be ruled invalid. *See Dixon v. United States*, 381 U.S. 68, 74 [85 S.Ct. 1301, 1305, 14 L.Ed.2d 223] (1965); *Welsh v. United States*, 2 Cl.Ct. 417, 420 (1983); *First Federal Savings and Loan Assoc. of Bristol v. United States*, 228 Ct.Cl. 569, 575, 660 F.2d 767, 770 (1981); *Hampton Roads Industrial Electronics Corp. v. United States*, 147 Ct.Cl. 635, 641, 178 F.Supp. 474, 477 (1959). Therefore, despite its characterization, plaintiff's retirement under the circumstances must be deemed involuntary in that it was mandated by 10 U.S.C. § 3303(d) (1976). Given this conclusion, the court does have jurisdiction over this case. *See Rogers v. United States*, 59 Ct.Cl. 464 (1924), *aff'd*, 270 U.S. 154 [42 S.Ct. 275, 70 L.Ed. 520] (1926). [Footnotes omitted.]

### Analysis

As a matter of law, we hold that the Claims Court lacked jurisdiction over this case. The Claims Court was correct that no precedent of this court is directly on point. However, we conclude, as we have in civilian pay cases, that the exercise of an option to retire is not rendered involuntary by the imminent imposition of a less desirable alternative. *Griessenauer v. Department of Energy*, 754 F.2d 361, 364 (Fed. Cir.1985); *Covington v. Department of Health and Human Services*, 750 F.2d 937, 942 (Fed.Cir.1984) (dicta); *Taylor v. United States*, 591 F.2d 688, 692 (Ct.Cl. 1979); *Christie v. United States*, 518 F.2d 584, 587–88 (Ct.Cl.1975).

Sammt argues that the analogy to civilian pay cases is unwarranted, pointing to the difference in the statutory scheme for civilians under which civilians must first pursue administrative remedies, whereas Sammt's pursuit of correction of his non-selection through the Army's Board for Correction of Military Records was permissive, citing *Cason v. United States*, 471 F.2d 1225, 1229–30 (Ct.Cl.1973).

Sammt's argument misses the point. If his retirement was voluntary, no jurisdiction resides in the Claims Court. It is not a matter of exhaustion of administrative remedies. To the extent that the civilian pay cases articulate the rationale that a choice of unpleasant alternatives does not make a choice involuntary, that rationale is applicable here. Sammt's service records indicate that he retired pursuant to 10 U.S.C. § 3911 (1976), relating to voluntary retirement, not 10 U.S.C. §§ 3303(d), 3913 (1976) (repealed 1980), relating to involuntary retirement. Further, the actual date of Sammt's retirement was October 31, 1977, not the mandatory date of December 1, 1977. While Sammt asserts that the actual date, plus his terminal leave, is the same as the mandatory date, we consider that equation immaterial. There is no fact dispute on the question of whether Sammt chose to voluntarily retire. His records reflect that decision. For whatever reason he chose that alternative rather than await mandatory (involuntary) retirement, he made that choice, and we need not speculate on the reason. That choice deprives the Claims Court of jurisdiction over his claims.*

### Conclusion

For the foregoing reasons, the case is remanded to the Claims Court to dismiss for lack of jurisdiction.

REMANDED.

---

* We express no opinion on the effect of the change in the law made by the Defense Officer Personnel Management Act, Pub.L. 96–513, § 105, 94 Stat. 2835, 2862 (codified as amended at 10 U.S.C. § 632(b) (1982)). However, we find nothing in the legislative history to indicate that those changes spell out what Congress had intended under the old law.