868 F.2d 1277
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gloria A. VESELY, M.D., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-1006.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1989.
 
 Before BISSELL and ARCHER, Circuit Judges, and EDWARD D. RE, Chief Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Western District of Washington, No. C86-371T (September 19, 1986), granting the government's motion to dismiss Gloria A. Vesely's complaint for lack of subject matter jurisdiction, is affirmed.
 
 OPINION
 
 2
 The district court's failure to articulate the grounds for dismissing the complaint is not reversible error. "This court reviews judgments, not opinions," Fromson v. Advance Offset Plate, Inc., 755 F.2d 1549, 1556, 225 USPQ 26, 31 (Fed.Cir.1985), and may affirm the judgment upon "any ground fairly supported by the record." Lee v. United States, 809 F.2d 1406, 1408 (9th Cir.1987), cert. denied sub nom., 108 S.Ct. 772 (1988).
 
 
 3
 Specifically, the district court lacked jurisdiction to entertain Vesely's Little Tucker Act claim under 28 U.S.C. Sec. 1346(a) (1982), because she voluntarily resigned from military service. See Sammt v. United States, 780 F.2d 31, 32 (Fed.Cir.1985). Vesely has alleged no set of facts that, if proven, would warrant a finding that her resignation from the Army was involuntary. See Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987).
 
 
 4
 The district court correctly dismissed Vesely's mandamus claim under 28 U.S.C. Sec. 1361 (1982). Because of her voluntary resignation, Vesely cannot establish the requisite clear right to reinstatement nor the government's clear duty to reinstate her. See Maier v. Orr, 754 F.2d 973, 983 (Fed.Cir.1985) (setting forth elements needed for a mandamus claim against government official).
 
 
 5
 Finally, under the Feres doctrine, the district court lacked jurisdiction to entertain Vesely's Federal Tort Claims Act (FTCA) claims pursuant to 28 U.S.C. Secs. 1346(b), 2671-2680 (1982). Feres v. United States, 340 U.S. 135, 146 (1950). In Feres, the Supreme Court held that the government is not liable under the FTCA for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Id. at 146. This suit would entail judicial review of the military's evaluation of Vesely's performance as a medical intern and potential for continued medical training. Those military evaluations and recommendations are the type of command decisions that we will not disturb. See United States v. Shearer, 473 U.S. 52, 58-59 (1985) (declining to permit civilian review under the FTCA of military personnel decisions).
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation pursuant to 28 U.S.C. Sec. 293(a) (Supp. IV 1986)