92 F.3d 1206
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alvin Dean BRUTON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5057
 United States Court of Appeals, Federal Circuit.
 July 8, 1996.
Rehearing Denied Aug. 8, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Alvin Dean Bruton appeals from the decision of the United States Court of Federal Claims dismissing for lack of jurisdiction his action seeking to have his honorable discharge from the military set aside. Bruton v. United States, 34 Fed. Cl. 347 (1995). Because Bruton has not demonstrated that the court had jurisdiction over his claim, we affirm.
 
 DISCUSSION
 
 2
 Bruton enlisted in the United States Army in November 1977. In 1985, he reenlisted for a five-year period ending in January 1990. In October 1987, Bruton's company commander recommended that Bruton be barred from reenlisting in the Army because he had received two counseling statements for failure to pay just debts. The Division Commander, Major General George A. Joulwan, approved the recommended bar to reenlistment on March 8, 1988. In May 1988, Bruton was separated from active duty pursuant to Army Regulation 601-280, p 6-5(f), which permits a soldier to voluntarily request immediate separation if he believes he cannot overcome a bar to reenlistment.
 
 
 3
 Over the next several years, Bruton filed three applications for relief with the Army Board for Correction of Military Records ("Board"). In response to the second application, the Board invalidated Bruton's bar to reenlistment on the ground that the Army had not properly completed the relevant paperwork. The Board also found, however, that Bruton's separation from the Army was proper because he had voluntarily requested to be immediately discharged from service.
 
 
 4
 In October 1994, Bruton filed the present action in district court, seeking reinstatement to the Army with back pay and benefits. The district court transferred the case to the United States Court of Federal Claims, which held that it lacked jurisdiction because Bruton had voluntarily requested to be discharged from the Army. The court further held that, even assuming it had subject matter jurisdiction, the complaint would be dismissed as untimely filed. This appeal followed.
 
 
 5
 Bruton argues that the court erred in determining that he voluntarily requested to be discharged from the Army. He also apparently contends that the procedural irregularities in the Army's processing of his bar to reenlistment vitiated his consent to the discharge. We find these arguments unpersuasive. Bruton, who had the burden to show that the court possessed jurisdiction, failed to demonstrate by relevant evidence that he did not voluntarily request to be discharged from the Army or that his separation from service was otherwise involuntary. The fact that an assumption underlying his decision, viz., that he would be validly barred from reenlistment, was later found to be incorrect does not make his decision involuntary. If the paperwork had been properly completed, the bar to reenlistment might have been upheld. Thus, the Court of Federal Claims did not err in dismissing the complaint for lack of subject matter jurisdiction. See Sammt v. United States, 780 F.2d 31 (Fed.Cir.1985) (holding that the plaintiff's voluntary retirement from the Army deprived the Claims Court of subject matter jurisdiction over his claim for back pay and correction of records). Furthermore, Bruton has not shown that the court erred in holding, alternatively, that the complaint in the district court, from which the case was transferred, was not filed within the six-year limitations period of 28 U.S.C. § 2501 and that there was no basis for tolling the limitations period. Therefore, we affirm the court's decision dismissing Bruton's complaint.