Wayne A. THOMAS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 95–749 C.

United States Court of Federal Claims.

Dec. 22, 1998.

Leodis C. Matthews, Frankfurt, Germany, for plaintiff.

Lauren S. Moore, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen and James M. Kinsella, Washington, DC, for defendant. LTC Terry L. Elling and Maj. Michael W. Meier, Department of the Army, of counsel.

## OPINION AND ORDER

TURNER, Judge.

This military pay case stands on defendant's motion filed March 12, 1996 to dismiss for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted, and plaintiff's cross-motion filed August 7, 1996 for summary judgment. In essence, plaintiff seeks relief in addition to that granted to him by the Army Board for Correction of Military Records (ABCMR). We conclude that we have subject-matter jurisdiction to hear plaintiff's claims but that plaintiff fails to state a claim for which relief can be granted.

### I

Plaintiff was an enlisted member of the United States Army. Compl. ¶ 2. Plaintiff

enlisted on April 30, 1974 and served until he was discharged for misconduct on May 13, 1991. *Id.*, ¶ 5. Plaintiff challenged his discharge before the ABCMR. *Id.* In his application to the ABCMR, plaintiff requested "[r]eversal of all Adverse Action, Reinstatement to Active Duty, [and] Reimbursement of all benefits [lost] through separation." Def. Resp. to Order for Supplementation of Dispositive Motions (9/3/98), Tab B (Application for Correction of Military Records (6/94)). On June 29, 1994, plaintiff presented his case in a hearing before the ABCMR. At the end of the hearing, he stated:

One other thing. On my original application I had asked for reinstatement back into the military. My current enlistment, which would have taken me through 20 years and two days, was up on the 13th of May. I do not want to go back into the military. However, I do want credit for the three years that I have been out of the military with full entitlement and be allowed to retire. That is basically what I would like to do.

I have a very good job now and if I am reinstated back into the military, I would lose the job and the benefits that I am receiving now and I think that it would put too much hardship on the family. So, basically, I am just looking just for the time, for the three years that I have missed, to get my retirement.

Def. Mot. to Dismiss (3/12/96), App. at 92–93 (Transcript of ABCMR Hearing (6/29/94)). On August 22, 1994, the ABCMR found that plaintiff's discharge was improper. Compl. ¶ 5. The ABCMR granted plaintiff the following relief: recision of plaintiff's general discharge, correction of his records to include credit for active duty service until May 31, 1994, a 20–year retirement at his previous rank and an honorable discharge. *Id.*, ¶ 7.

Although the ABCMR found in plaintiff's favor and granted relief, plaintiff protested that the relief was inadequate. *Id.*, ¶ 8. Plaintiff filed another application to the ABCMR for reconsideration of the extent of the relief granted. Def. Resp. to Order for Supplementation of Dispositive Motions (9/3/98), Tab B (Application for Correction of Military Record (11/30/94)). A second

ABCMR decision found that the original relief granted was "full and complete relief as requested by the applicant at the formal hearing of his case." Def. Resp. to Order for Supplementation of Dispositive Motions (9/3/98), Tab B (ABCMR Memorandum of Consideration (9/13/95)).

Plaintiff filed on November 14, 1995 a complaint in this court challenging the two ABCMR decisions—the first decision which allegedly granted only partial relief and the second decision which allegedly failed to correct the first. Plaintiff seeks (1) retroactive promotion, (2) reinstatement to active duty to the date of judgment, (3) a retirement physical, (4) reimbursement for medical expenses incurred between initial discharge and retirement and (5) the right to designate Germany as his place of discharge. Compl. at 5.

On March 12, 1996, defendant filed a motion to dismiss the complaint for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. On August 7, 1996, plaintiff filed a cross-motion for summary judgment.

## II

Defendant asserts that the court lacks jurisdiction to entertain plaintiff's claim for correction of his military records because plaintiff voluntarily retired. Defendant also contends that plaintiff fails to state a claim upon which relief can be granted because (1) the challenged ABCMR decision is non-justiciable, (2) the court cannot grant plaintiff's request for re-enlistment and (3) plaintiff's failure to present claims for medical expenses to the ABCMR constituted a waiver.

Plaintiff responds that (1) this court has jurisdiction, (2) plaintiff did not voluntarily retire, (3) the ABCMR's decision to retire plaintiff was contrary to controlling regulations and (4) plaintiff is entitled to medical expenses as a matter of right which cannot be waived. We will address the parties' dispositive motions by first exploring the jurisdictional issue and then by examining each element of plaintiff's requested relief.

## III

■ Unquestionably, plaintiff's retirement from the Army was voluntary. Plaintiff's statements at the June 29, 1994 ABCMR hearing quoted above put this conclusion beyond debate. See Def. Mot. to Dismiss (3/12/96), App. at 92–93 (Transcript of ABCMR Hearing (6/29/94)). Plaintiff's statements to the ABCMR were clear and supported with reasoning as to why he wanted to retire. He was not making a "gratuitous statement" as now argued by the plaintiff. Defendant argues that such voluntary retirement compels the conclusion that the court is without subject-matter jurisdiction to grant plaintiff much of the relief requested, especially reinstatement, retroactive promotion and accrual of benefits between date of retirement and date of judgment in the instant case. For support, defendant cites *Sammt v. United States,* 780 F.2d 31, 33 (Fed.Cir.1985).

In reliance on the well-pleaded complaint doctrine, *see Total Medical Management, Inc. v. United States,* 29 Fed.Cl. 296, 299 (1993), *rev'd on other grounds,* 104 F.3d 1314 (Fed.Cir.1997), we conclude that the court has subject-matter jurisdiction of plaintiff's claims. We believe that the rule of *Sammt,* 780 F.2d at 33, although expressed in jurisdictional terms, really established a rule of substantive law that the exercise of an option to retire from the military is not rendered involuntary by the accurate knowledge of eminent imposition of a less desirable alternative. *Bell v. United States,* 23 Cl.Ct. 73, 76 (1991).

In the instant case, plaintiff has asserted, expressly or by implication, that his retirement was involuntary and that the decisions of the ABCMR were arbitrary, capricious and unlawful. These assertions combined with a demand for monetary relief place the claims set forth in the complaint within the subject-matter jurisdiction of the court. 28 U.S.C. § 1491(a). Thus, we take the view that whether plaintiff's retirement was in fact involuntary, as he claims, or voluntary, as the government asserts, is a merits issue, not a jurisdictional one,[1] which we have resolved against plaintiff on the administrative record.

Consequently, we think it appropriate to address defendant's alternative basis for dismissal—failure to state a claim upon which relief can be granted.

## IV

Plaintiff, who was retired at grade E–6, the highest grade held by him on active duty, seeks "retroactive promotion to the respective noncommissioned officer ranks of Sergeant First Class (E–7) and Master Sergeant (E–8)." Compl. at 5. Further, he seeks reinstatement to active duty even though the term of his most recent enlistment has long since expired.

These claims for post-retirement relief following a voluntary retirement must be denied for failure to state a claim upon which any court can grant relief. Even where a court possesses jurisdiction to hear a claim, it may not do so in cases where the claim presents a non-justiciable controversy, i.e., the claim is such that the court lacks "ability to supply relief." *Murphy v. United States,* 993 F.2d 871, 872 (Fed.Cir.1993).

■ We lack the ability to grant plaintiff's retroactive promotion. "Absent the violation of a statute or regulation entitling a service member to a promotion as a matter of law, the Claims Court has no authority to entertain [such a] claim." *Voge v. United States,* 844 F.2d 776, 780 (Fed.Cir.1988), *cert. denied,* 488 U.S. 941, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988). *See also Kindred v. United States,* 41 Fed.Cl. 106, 112 n. 3 (1998); *Adkins,* 68 F.3d at 1323–24; *Law v. United States,* 26 Cl.Ct. 382, 391–92 (1992).

■ Given our finding that plaintiff's retirement was voluntary, it follows as a matter of logic that his final separation and retirement were not unlawful and, consequently, he is not entitled to reinstatement to active duty. Further, even if the retirement were involuntary, this court does not have the authority to order the re-enlistment of a serviceman beyond the date on which his term of enlistment would have expired. *Dodson v. United States,* 988 F.2d 1199, 1208 (Fed.Cir.1993).

---

1. *See generally Spruill v. Merit Sys. Protection Bd.,* 978 F.2d 679, 688–89 (Fed.Cir.1992). *But see Adkins v. United States,* 68 F.3d 1317, 1321 (Fed.Cir.1995); *Sammt,* 780 F.2d at 33.

The first decision of the ABCMR gave plaintiff active-duty credit for the remainder of his enlistment period, which ran through May 14, 1994, plus 17 days. Def. Resp. to Order for Supplementation of Dispositive Motions (9/3/98), Tab B (ABCMR Proceedings (6/29/94), p. 2). Plaintiff now seeks the opportunity to re-enlist with full retirement credit to the date of judgment.

 No one has a right to enlist or re-enlist in the armed forces unless specially granted such a right by statute or regulation. *Maier v. Orr*, 754 F.2d 973, 980 (Fed.Cir. 1985). A serviceman who has been improperly discharged is entitled to recover pay and allowances only to the date on which his term of enlistment would otherwise have expired. *Id.* at 983. Consequently, plaintiff's request for reinstatement (or re-enlistment) must be denied for failure to state a claim upon which relief can be granted.

V

 Plaintiff asserts that at the time of his retirement he should have received a complete physical examination and credit for any disabilities suffered from service-connected injuries. Compl. ¶ 19. As support for his assertion that he is entitled to a pre-discharge physical examination, plaintiff cites Army Regulation 635–200, which provides:

> Active Army soldiers retiring after more than 20 years active duty are *required* to undergo a medical examination.... The examination will provide a better health assessment of the soldier and continue the cardiovascular attention. The examination will also record the soldier's state of health and protect the interest of the soldier and the Government.

Army Reg. 635–200, ch. 12.29(a)(1990) (emphasis added).

 As stated above, plaintiff was not retired pursuant to Army Regulation 635–200. Plaintiff was retired pursuant to the equitable powers of the ABCMR arising from Army Regulation 15–185, ch. 1.2. Thus, plaintiff is not entitled to the same retirement procedures as active Army soldiers retiring pursuant to Army Regulation 635–200. Further, we do not interpret the quoted stat-

ute to *entitle* any service member to a pre-discharge physical examination. Although medical examination is a procedure undertaken to protect the interest of both the government and the soldier, the government may waive such a requirement. The only mandatory aspect of this statute is the requirement that the service member undergo the examination upon request of the service.

It is worth noting that plaintiff has been evaluated by the Department of Veteran's Affairs and given an overall disability rating of 10%. Pl. Br. (8/7/96), App. at 53–56 (Letter of Veteran's Affairs (6/12/96)). This disability qualified plaintiff for a $91.00 monthly benefit. *Id.* at 54. It is not clear from the record what additional benefit plaintiff would receive from the physical examination sought in this litigation.

We conclude that plaintiff's claim of denial of entitlement to a separation medical examination is not a claim for which relief can be granted.

VI

 Defendant argues that plaintiff is not entitled to medical expenses incurred between initial discharge and retirement because plaintiff failed to raise the issue before the ABCMR. Plaintiff responds that his entitlement to these expenses is fixed by 10 U.S.C. § 1074(a) and cannot be waived. We hold that plaintiff may waive such an entitlement and that he did so by not seeking medical expenses in either application to the ABCMR.

Plaintiff's first application to the ABCMR was supplemented by a list of 11 "resolutions" detailing relief sought from the ABCMR. Def. Resp. to Order for Supplementation of Dispositive Motions (9/3/98), Tab B (Pl. Letter (1/12/95) to Lt. Col. Newey, p. 3). The resolutions sought the following relief: reinstatement; promotion; credit for campaigns; reversal of all adverse information and action in conjunction with separation; reversal of CID report; reimbursement of lost leave; back pay; honorable discharge with separation in Germany; complete physical; reimbursement of all expenses connected with administrative action, and investigation of all persons involved with plaintiff's

separation. Def. Resp. to Order for Supplementation of Dispositive Motions (9/3/98), Tab B. A request for reimbursement of medical expenses was not included in the resolutions.

Plaintiff's second application to the ABCMR, dated November 30, 1994, was supplemented by a letter dated December 1, 1994 addressed to the Office of the Assistant Secretary of the Army. Def. Resp. to Order for Supplementation of Dispositive Motions (9/3/98), Tab B (Pl. Letter to Asst. Secretary (12/1/94), pp. 3–5). This seven-page letter set out in detail plaintiff's requests for relief and was very similar to the relief requested in the 11 resolutions previously presented at the ABCMR hearing.[2] Again, plaintiff did not make a request for reimbursement of medical expenses. In fact, in the affidavit attached to his reply brief filed December 31, 1996, plaintiff again enumerates the relief requested from the ABCMR yet does not include a request for medical expenses. Pl. Br. (12/31/96), Attachment (Thomas Aff. (12/23/96), ¶ 15).

Plaintiff's failure to raise the issue of reimbursement for medical expenses at the ABCMR waives his right to do so for the first time on this appeal. *Frecht v. United States*, 25 Cl.Ct. 121, 131 n. 7 (1992). It is well settled that "a party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it." *Doyle v. United States*, 220 Ct.Cl. 285, 311, 599 F.2d 984 (1979). Plaintiff asked for many different types of relief at the ABCMR. His seven-page letter of December 1, 1994 set out in detail what he viewed as appropriate relief. Yet, plaintiff did not include a request for reimbursement of medical expenses. Clearly, the ABCMR was not arbitrary, capricious or unlawful in not awarding relief which was not requested. Thus, plaintiff's claim for reimbursement of medical expenses must be dismissed for fail-

ure to state a claim upon which relief can be granted.

### VII

■ Plaintiff seeks an order from this court granting the right to designate his place of discharge. Plaintiff wishes to designate Germany as his place of discharge as this would entitle him to reimbursement of the cost of shipping household goods and his automobile. Army regulations provide for separation in foreign countries when a soldier is serving in a foreign country when separated and upon the approval of the major Army overseas commander. Army Reg. 635–200, ch. 1.43.

It is not known whether plaintiff would have still been serving in Germany if he had actually served 20 years without separation. When he was originally separated, there was 1 year, 4 months and 26 days remaining in plaintiff's scheduled overseas tour, an insufficient time to cover the remainder of his term of enlistment. Def. Resp. to Order for Supplementation of Dispositive Motions, Tab B (ABCMR Memorandum of Consideration (9/13/95) at 6).

It would be mere speculation to assume that plaintiff would have been in Germany at the end of his enlistment or when he reached 20 years of service; he may well have been transferred to the United States prior to separation. Further, presence in Germany at the time of his retirement would not have automatically entitled plaintiff to separation there. Pursuant to army regulations, such a separation is subject to the discretion of the Army. Army Reg. 635–200, ch. 1.43. Thus, we conclude that plaintiff's claim to designate Germany as his place of discharge fails to state a claim upon which relief can be granted.

---

**2.** The requested relief included retirement with full benefits, pay, entitlements, honors and awards; European separation; promotion; voiding of the general discharge and granting of an honorable discharge; correction of records to show active duty from May 13, 1974 to May 31, 1994, including credit and medals awarded to plaintiff's unit while he was separated; removal

of an adverse evaluation from records; reimbursement of lost leave; reimbursement of legal fees; physical examination for disability purposes, and requests under the Freedom of Information Act. Def. Resp. to Order for Supplementation of Dispositive Motions (9/3/98), Tab B (Pl. Letter to Asst. Secretary (12/1/94), pp. 3–5).

## VIII

Based on the forgoing reasons, it is ORDERED as follows:

1. To the extent that defendant's motion filed March 12, 1996 seeks dismissal for lack of subject-matter jurisdiction, the motion is DENIED.

2. To the extent that defendant's said motion alternatively seeks dismissal of plaintiff's claims for failure to state a claim upon which relief can be granted, the motion is GRANTED.

3. Plaintiff's cross-motion for summary judgment filed August 7, 1996 is DENIED.

4. Judgment shall be entered in favor of the defendant. Pursuant to RCFC 54(d), costs shall be allowed to the defendant ("the prevailing party").