NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH D. REAVES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-2306

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00141-ZNS, Judge Zachary N. Somers.

---

Decided: February 10, 2022

---

JOSEPH D. REAVES, Philadelphia, PA, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, MARTIN F. HOCKEY, JR.

---

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Joseph D. Reaves joined the United States Army in 1981. While serving, he was diagnosed with ulcers. In 1986, after initiation of court-martial proceedings against him, Mr. Reaves requested a "discharge for the good of the service" in lieu of continuation of the court-martial proceedings, and the Army granted his request and discharged him. Two decades later, in 2009, Mr. Reaves filed a petition with the Army Board for Correction of Military Records (Board), arguing that he should have been given a retirement for physical disability under 10 U.S.C. § 1201. The Board rejected the contention and denied the petition.

In 2016, Mr. Reaves brought the present action against the United States in the Court of Federal Claims (Claims Court) under the Tucker Act, 28 U.S.C. § 1491, arguing that the Board had erred and that he was entitled to disability retirement pay starting in 1983, when he allegedly should have been given a disability retirement because of his ulcers. The Claims Court dismissed the case for lack of subject-matter jurisdiction, relying on two independent grounds: first, that Mr. Reaves's voluntary request for discharge deprived the court of Tucker Act jurisdiction over his case; second, that Mr. Reaves's action was time-barred by 28 U.S.C. § 2501 because his claim had accrued upon discharge (in 1986), not when the Board denied his request for a correction. *Reaves v. United States*, 155 Fed. Cl. 137, 142 (2021). Mr. Reaves appeals.

We reverse the dismissal for untimeliness. The accrual standard requires that Mr. Reaves have had sufficient knowledge of the permanent nature of the asserted disability at the time of his discharge. The Claims Court, relying only on the complaint, cited nothing that supports a determination of such knowledge; and it made no finding of fact about other record material. We vacate the dismissal based on the voluntary request for discharge, a dismissal the government did not seek in the Claims Court. We

conclude that the Claims Court did not support its determination that voluntary resignation defeats the entitlement at issue here, and that gap in support has not been filled by the government, which provides no elaboration on this ground in this court in defending the Claims Court's holding. We remand for further proceedings.

I

Mr. Reaves enlisted in the Army on October 6, 1981. In 1983, he was diagnosed with an ulcer, requiring hospitalization. But he "continued on active duty and reenlisted in the Army" (for a second three-year tour) in 1984. *Reaves*, 155 Fed. Cl. at 140. In August 1986, he was diagnosed with a second ulcer. *Id.* That same year, Mr. Reaves faced court-martial charges; and to avoid continuation of the court-martial proceeding, Mr. Reaves "submitted a request for discharge for the good of the service." *Id.* On November 10, 1986, Mr. Reaves was discharged "under conditions other than honorable." *Id.*

More than 22 years later, in May 2009, Mr. Reaves petitioned the Board "to request that his good of the service discharge be changed to a physical disability discharge" under 10 U.S.C. § 1201. *Id.* at 140–41. On February 17, 2010, the Board denied the petition, rejecting the contention that he should have been medically discharged based on the 1983 ulcer. *Id.* at 141. Mr. Reaves submitted a request for reconsideration, and on June 2, 2011, the Board again denied his petition. *Id.*

On January 29, 2016, Mr. Reaves sued the United States in the Claims Court—within six years of the Board's 2010 and 2011 decisions. The premise of his action was that he had been entitled to a disability retirement under 10 U.S.C. § 1201 in 1983 and that the Army had violated its own regulations in not referring him to a medical evaluation board, which, he alleged, would have found him unfit for duty. Therefore, Mr. Reaves argued, he was owed damages to compensate him for not having received

"disability payments that would have been made dating back to 1983[,] the time of the infraction." Complaint at 3, *Reaves v. United States*, No. 1:16-cv-00141 (Fed. Cl. Jan. 29, 2016), ECF No. 1 (*Complaint*).

The government moved (a) to dismiss for lack of jurisdiction on timeliness grounds and (b) for judgment on the administrative record that substantial evidence supported the Board's determination that Mr. Reaves was not entitled to a disability retirement. Motion to Dismiss and, in the Alternative, for Judgment upon the Administrative Record at 1, *Reaves v. United States*, No. 1:16-cv-00141 (Fed. Cl. May 31, 2016), ECF No. 12. As to the jurisdictional timeliness ground, asserted under Court of Federal Claims Rule 12(b)(1), the government based its argument on the fact that Mr. Reaves "was provided counsel and notified of his rights, as outlined in Army Regulation 635-200, Chapter 10," when he submitted his request for discharge. *Id.* at 15.

The Claims Court dismissed the case for lack of jurisdiction on two grounds. *Reaves*, 155 Fed. Cl. at 142. The first was a ground not explicitly argued by the government. Specifically, the court concluded that Mr. Reaves's "voluntary request to be discharged for the good of the service in lieu of facing a trial by court-martial, and his subsequent discharge, deprive[d] [the Claims Court] of jurisdiction." *Id.* (citing *Sammt v. United States*, 780 F.2d 31 (Fed. Cir. 1985)).

The second ground was, as the government argued, that Mr. Reaves's action was time-barred under the six-year rule of 28 U.S.C. § 2501 because he filed the action far more than six years after his claims accrued. *Id.* at 145. In support of that conclusion, the court noted the "general rule" that a disability retirement claim accrues when a military corrections board finally denies that claim, but it invoked an exception "'when the service member has sufficient actual or constructive notice of his disability, and

hence, of his entitlement to disability retirement pay, at the time of his discharge.'" *Id.* (quoting *Chambers v. United States*, 417 F.3d 1218, 1226 (Fed. Cir. 2005)). Citing the complaint, and nothing else, the court determined that Mr. Reaves had admitted to the required notice. *Id.* at 145–46.

Mr. Reaves timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

The Claims Court relied only on the complaint in dismissing the case for lack of jurisdiction because of untimeliness. We review the dismissal de novo, taking as true all undisputed facts asserted in the complaint and drawing all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. Compliance with that timing rule is a "jurisdictional" requirement. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008). A claim "accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.,* when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue . . . for his money.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting *Nager Elec. Co. v. United States,* 368 F.2d 847, 851 (Ct. Cl. 1966)); *see also Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014) ("A claim ordinarily accrues when a plaintiff has a complete and present cause of action. In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief." (cleaned up)).

We have held that, in general, "claims of entitlement to disability retirement pay generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it." *Chambers*, 417 F.3d at 1224 (citing *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990)). But we also have recognized an exception that is crucial for the present case. Referring to the military boards available for consideration of disability justifying retirement, we have ruled that such a claim accrues earlier, *i.e.*, at discharge, when a veteran's "knowledge of the existence and extent of his condition at the time of discharge" is "sufficient to justify concluding that he waived the right to board review of the service's finding of fitness by failing to demand a board prior to his discharge." *Real*, 906 F.2d at 1562. We have added that whether a veteran in a particular case had such knowledge "must be determined by reference to the statutory requirements for disability retirement, namely, 10 U.S.C. § 1201," which includes a requirement that the disability is of a permanent nature. *Chambers*, 417 F.3d at 1226. We said in *Chambers*: "The appropriate inquiry under *Real*, therefore, is whether at the time of his separation from the Army in 1970, Chambers knew that he was entitled to disability retirement due to a permanent disability that was not a result of his intentional misconduct and was service-connected." *Id.* And we applied that standard to rule for the claimant in *Chambers*, concluding that, on the record, Chambers did not have such knowledge, because the "medical diagnoses Chambers received prior to discharge . . . all indicated that his condition was minor, temporary, and circumstantial," "[n]othing in the record indicate[d] that Chambers considered these diagnoses to be erroneous," and "he was returned to regular duty after his brief hospitalizations." *Id.* at 1226–27.

The Claims Court in this case incorrectly held based on the complaint that the exception applies to Mr. Reaves, concluding that his claim accrued upon his discharge in

1986. Mr. Reaves asserted in his complaint that he was hospitalized with an ulcer in 1983 and that the Army failed to follow its own regulations in not referring him to a medical evaluation board or a physical evaluation board. *Complaint* at 1–3. Mr. Reaves asserts now that such an evaluation would have found him unfit for duty and resulted in a disability retirement pursuant to 10 U.S.C. § 1201, but those assertions do not speak to whether, in 1983, Mr. Reaves himself had sufficient knowledge (for the *Real/Chambers* inference) that the condition was *permanently* disabling, as required by § 1201. The Claims Court determined based on the complaint only that Mr. Reaves "had knowledge of his disability at the time." *Reaves*, 155 Fed. Cl. at 145. But the complaint does not show that Mr. Reaves knew of the permanence of his disability, at least when reasonable inferences are made in his favor.

The Claims Court's dismissal therefore must be reversed. The Claims Court did not look to the record beyond the complaint and make factual findings about whether Mr. Reaves knew of the permanent nature of his disability. *Reaves*, 155 Fed. Cl. at 145. In reversing the dismissal that is before us, we do not foreclose such a factual determination about timeliness—specifically, about Mr. Reaves's awareness of the permanent nature of his disability at the time of discharge.

## III

We vacate the Claims Court's ruling that Mr. Reaves's request for discharge for the good of the service deprived the court of jurisdiction. The Claims Court did not provide a sufficient basis for the crucial conclusion that such a request serves to eliminate the entitlement at issue here, *i.e.*, a claim to disability retirement pay.

In *Moyer v. United States*, 190 F.3d 1314 (Fed. Cir. 1999), which the Claims Court cited here, we established that whether voluntary resignation defeats a benefit claim depends on the particular benefit. The relevant facts in

*Moyer* are similar to the facts of this case. While serving in the Army, Moyer sought a medical evaluation for certain injuries. *Id.* at 1316. In addition, facing court-martial proceedings, he "submitted a request for resignation, apparently to avoid trial by court-martial," indicating that "he was voluntarily [resigning] for the good of the service"; thereafter, he was "discharged without regard to any disability." *Id.* After unsuccessfully seeking relief from the Board, Moyer sued in the Claims Court "to correct his military records to show that he was discharged due to physical disability" and sought "back pay, allowances, retirement pay, and severance pay." *Id.* Unlike Mr. Reaves, Moyer also argued that his resignation had not been voluntary. *Id.* at 1316–17.

We first acknowledged that our previous decision in *Sammt* had held that a voluntary resignation barred jurisdiction over a claim seeking *back pay*, *i.e.*, pay the claimant allegedly would have received *as a continuing employee* had the asserted error not been committed. *Id.* at 1318 (citing *Sammt*, 780 F.2d at 32–33). But this did not end our inquiry. We explained that "Sammt never argued, as Moyer [did], that he was entitled to compensation under mandatory Army regulations, regardless of whether his retirement was voluntary or involuntary." *Id.* at 1319. And the only payment that Sammt sought was back pay (for but-for-the-error continued employment), *see Sammt*, 780 F.2d at 32, an entitlement that he lost upon resignation, *Moyer*, 190 F.3d at 1318–19, whereas Moyer's resignation did not extinguish his claim to entitlements that were *not* contingent on continued military service. *Id.* at 1319. After concluding that Moyer's resignation was voluntary, we proceeded to consider the merits of Moyer's regulatory violation claim that he should have been given a medical discharge. *Id.* at 1320–21.

Here, the Claims Court did not consider the merits of Mr. Reaves's challenge to the Board's rejection of the contention that the Army erred in not awarding him a

disability retirement in 1983 when he had his first ulcer. Despite the similarity of this case with *Moyer*, the Claims Court concluded that Mr. Reaves's "request for a discharge for the good of the service, in conjunction with the fact that his resulting discharge was under other than honorable conditions, ended his entitlement to disability benefits." *Reaves*, 155 Fed. Cl. at 144. But the Claims Court gave no adequate justification for that conclusion, which precluded consideration of the merits of Mr. Reaves's challenge.

The first rationale the Claims Court stated was that "a discharge for the good of the service takes precedence over a medical discharge, requiring the servicemember requesting such a discharge to forfeit any right to a medical discharge." *Id.* That statement, on which the Claims Court did not elaborate, suggests a premise that any non-medical discharge voluntarily requested effects a forfeiture of the right to a medical discharge, but that proposition is unsupported by law and contrary to our precedents. *See Beckham v. United States*, 392 F.2d 619, 625 n.9 (Ct. Cl. 1968) ("The fact that plaintiff chose to separate voluntarily does not lessen the Government's obligation to pay disability retirement if plaintiff actually had an incapacitating disease at the time of separation."); *McHenry v. United States*, 367 F.3d 1370, 1378 (Fed. Cir. 2004) ("[E]ven a member of the armed forces who retires voluntarily may still seek disability benefits . . . .").

The Claims Court's second rationale was that "a specific consequence of being discharged under other than honorable conditions is the loss of Army benefits," citing Army Regulation 635-200 generally. *Reaves*, 155 Fed. Cl. at 144. We do not discern such a categorical rule in the regulation in effect when Mr. Reaves was discharged. *See* Army Regulation 635-200, Personnel Separations: Enlisted Personnel (Sept. 15, 1986 update, effective Oct. 15, 1986). The provision that seems most relevant states, "Consulting counsel will advise the soldier [submitting a request for discharge for the good of the service] concerning . . . [l]oss of

Veterans Administration [VA] benefits." *Id.* at 41 (subchapter "10–2. Personal decision"). That provision requires only that the Army provide advice that acknowledges the potential risk of losing VA benefits if a soldier requests discharge for the good of the service. But while a soldier discharged for the good of the service "normally" receives a discharge under other than honorable conditions, and benefits *from VA* are presumptively unavailable to most soldiers so discharged (subject to case-by-case determinations), *see* 38 U.S.C. § 5303, retirement pay is not a VA benefit: It is administered by the Department of Defense. 10 U.S.C. § 1461.

Thus, the Claims Court failed to set forth an adequate basis for concluding that Mr. Reaves lost his entitlement to retirement pay by requesting discharge for the good of the service. Moreover, the Claims Court did not explain why, if Mr. Reaves had been erroneously denied a medical discharge in 1983, his later-requested discharge in 1986, which would not have occurred but for the Army's error, should still function as a waiver of his claim.

The government has not provided further support for the Claims Court's conclusion on this point. Gov't Inf. Br. 5. On this record and considering the reasoning before us, we cannot sustain the Claims Court's conclusion that Mr. Reaves's request for a discharge for the good of the service deprives the court of Tucker Act jurisdiction to adjudicate a claim for disability retirement based on the alleged regulatory violations. We vacate the dismissal and remand.

## IV

For the foregoing reasons, we reverse in part and vacate in part the Claims Court's dismissal of the case for lack of subject-matter jurisdiction and remand for further proceedings.

Costs awarded to appellant.

**REVERSED IN PART, VACATED IN PART, AND REMANDED**